# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **PATRICIA AND ELI CARRANZA** <br><br> Plaintiffs, <br><br> v. <br><br> **GENERAL MOTORS, LLC** <br><br> Defendant. | Case No. 4:23-cv-242 <br><br><br> Complaint and Demand for Jury Trial |

## COMPLAINT

**PATRICIA AND ELI CARRANZA** ("Plaintiffs"), by and through their attorneys, **Kimmel & Silverman, P.C.**, allege the following against **General Motors, LLC** ("Defendant"):

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), Chapter 15 U.S.C.A., § 2301, *et. seq.*, breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act, and Tex. Bus. & Com. Code §§ 2.313, 2.314.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiffs' claims are more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendant who conducts business in the State of Texas.

1

4. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiffs purchased the subject vehicle in Tarrant County; a substantial part of the events giving rise to the Plaintiffs' claims occurred within this District; this District is where Defendant directs and controls warranty repairs on covered vehicles; Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

## PARTIES

5. Plaintiffs are adult individuals residing in Fort Worth, Texas, 76116.

6. Defendant General Motors, LLC is a company qualified to and regularly conducts business in the State of Texas, headquartered in Detroit MI 48265. Defendant is engaged in the manufacture, sale, and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships, including Frank Kent Cadillac ("Seller") located in Forth Worth, Texas 76116.

## FACTUAL ALLEGATIONS

7. On or about May 29, 2021, Plaintiffs purchased a used 2019 Cadillac XT4 from Frank Kent Cadillac located in Fort Worth Texas bearing the vehicle Identification Number 1GYFZFR42KF217231 (hereinafter the "vehicle"). A true and accurate copy of the Retail Installment Sales Contract is attached as **Exhibit "A."**

8. At all times relevant hereto, the subject vehicle was registered in the State of Texas.

9. The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $60,491.48 *See* Exhibit "A".

10. In consideration for the purchase, Defendant issued to Plaintiffs several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

11. The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the purchase of Defendant's product by Plaintiffs.

12. Defendant issued an express written warranty as well as other guarantees, affirmations and undertakings as detailed in Defendant's warranty materials and owner's manual.

13. The vehicle has required repairs and they have been attempted by Defendant's authorized service facility, however they were largely, if not entirely, ineffective. As a result of these, the use, value and safety of the vehicle have been substantially impaired and unable to be utilized for its intended purposes.

14. The subject vehicle continues to exhibit defects, conditions and non-conformities. In connection with those substantial non-conformities, Plaintiffs presented the vehicle for repair.

15. Plaintiffs have delivered the vehicle to Defendant's authorized service and repair facility, Frank Kent Cadillac ("Service Facility"), on October 16, 2021, June 1, 2022, June 9, 2022, June 25, 2022, July 9, 2022, July 15, 2022, October 1, 2022, October 22, 2022, January 14, 2023 and February 3, 2023. A true and accurate copy of these Repair Orders are attached as **Exhibit "B".**

- October 16, 2021 – November 15, 2021; 13,725 miles. Plaintiffs presented the vehicle to the authorized dealership for the right front headlight not working. The dealer found an "internal condensation problem" and placed the vehicle out of service for thirty (30) days in connection with this repair attempt.

- June 1, 2022-June 2, 2022; 28,733 miles. Plaintiffs presented the vehicle to the authorized dealership for the check engine warning light activating and in response, the dealer wrote that an unidentified part was "special ordered". The vehicle was kept out of service for two (2) days in connection with this repair attempt.

- June 9, 2022-June 10, 2022; 29,330 miles. Plaintiffs presented the vehicle to the authorized dealership for the same problems as above. The dealer determined the issue to be caused by a failed purge valve. The vehicle was kept out of service for two (2) days in connection with this repair attempt.

- June 25, 2022; 30,617 miles. Plaintiffs presented the vehicle to the authorized dealership because the park assist was inoperable. The vehicle was kept out of service for one (1) day in connection with this repair attempt.

- July 9, 2022; 31,988 miles. Plaintiffs presented the vehicle to the authorized dealership for the service driver's assist message coming on, an error message regarding the SD card, an engine oil leak which revealed serious engine issues and suspension defects when traveling over bumps. The vehicle was kept out of service for one (19) days in connection with this repair attempt, which included other repair orders being generated by the dealer and given the dates shown below.

- July 15, 2022 – July 28, 2022; 32,092 miles. The dealer noted the check engine warning light coming on indicated that the vehicle was kept out of service for fourteen (14) days in connection with this repair attempt.

- October 1, 2022; 37,643 miles. Plaintiffs presented the vehicle to the authorized dealership for the rear bumper not fitting properly. The vehicle was kept out of service for one (1) day in connection with this repair attempt.

- October 22, 2022 – October 28, 2022; 39,246 miles. Plaintiffs presented the vehicle to the authorized dealership for issues with the suspension when turning left or right there is a roaring noise from the rear of vehicle. The vehicle was kept out of service for seven (7) days in connection with this repair attempt.

- January 14, 2023-January 20, 2023; 44,902 miles. Plaintiffs presented the vehicle to the authorized dealership for the adaptive cruise control inoperable, issues with the suspension with rattling noises coming from the rear of vehicle, an error message regarding the SD card and vehicle died while stopped at a stop sign. The vehicle was kept out of service for seven (7) days in connection with this repair attempt.

- February 3, 2023; 45,543 miles. Plaintiffs presented the vehicle to the authorized dealership for the check engine warning light coming on, the ABS/park/stabilatrack warning lights on, a warning message to drive below 60mph due to weather, a recall for the rear camera not working and the vehicle stalling when put in to park. The vehicle was kept out of service for one (1) day in connection with this repair attempt.

16. The vehicle was and continues to be defective and exhibit non-conformities and has been out of service for at least **Eighty-Four (84) days**.

17. The vehicle remains in a defective and/or unrelaible state and is substantially impaired.

18. The repetitive defects and non-conformities reveal inability vis-à-vis its authorized service dealers, to repair it in accordance with the warranty obligations owed

19. Plaintiffs no longer feel safe driving the subject vehicle and justifiably have no confidence in the dealer's efforts at repairing the car permanently and/or in the reliablity of the subject vehicle.

## FIRST CAUSE OF ACTION
**Breach of Warranty Pursuant to the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. § 2301, *et seq*.**

20. Plaintiffs incorporate by reference the above paragraphs of this Complaint as though fully stated herein.

21. Plaintiffs are "consumers" as defined in 15 U.S.C. § 2301(3).

22. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4)-(5).

23. The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

24. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

25. 15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiffs.

26. Defendant has attempted to comply with the terms of its express warranties, implied warranties and contracts; however, its efforts through its authorized service and repair facilities, have failed to timely and/or properly make effective repairs ineffective.

27. Defendant has failed to remedy the defects and non-conformities within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written warranty applicable to the vehicle.

28. The vehicle does not meet the safety and reliability standards promised by Defendant.

29. As a result of Defendant's inability to make the vehicle conform to the warranty standard, and being unable and/or unwilling to remedy valid vehicle concerns, problems, Plaintiffs have been required to retain legal counsel and seek legal redress.

30. The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides:

   a. If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiffs for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

31. Plaintiffs have afforded Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts.

32. As a direct and proximate result of Defendant's failure to comply with its express written, implied warranties and obligations, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

33. Further as the written warranty was not provided to Plaintiffs until after the vehicle was delivered, nullifying any and all limitations, disclaimers and/or alternative dispute provisions and making them ineffective for a failure of consideration.

34. Plaintiffs aver that upon successfully prevailing upon the Magnuson-Moss claim herein, they are required to damages plus all attorney fees and costs. As such Plaintiffs respectfully demand judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs.

## SECOND CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. and Tex. Bus. & Com. Code § 2.314**

35. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant is a merchant with respect to motor vehicles.

37. The vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and V.T.C.A., Bus. & C. § 2.314, running from the Defendant to the Plaintiffs.

38. An implied warranty that the vehicle was merchantable arose by operation of law as part of the purchase of the vehicle.

39. Defendant has breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when Plaintiffs purchased it, or thereafter, and it is substantially unfit for the ordinary purposes for which such vehicles are used.

40. The persistent and unresolved defects are unreasonably dangerous and distracting, especially when issues described above occur while the vehicle is being driven. The clear risk of

accident and/or injuries to driver, passengers, and others who share the road as a result of these constitute a breach of implied warranty by Defendant.

41. Plaintiffs notified Defendant of these defects within a reasonable time after Plaintiffs discovered them when they returned the vehicle for repairs.

42. As a result of Defendant's several incidences of breach, Plaintiffs have suffered damages, including but not limited to incidental and consequential damages, plus attorney fees and costs to recover same.

### THIRD CAUSE OF ACTION
**Breach of Express Warranties and Tex. Bus. & Com. Code § 2.313**

43. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. In connection with the sale of the vehicle, Defendant provided the Plaintiffs with a vehicle limited warranty, under which it agreed to repair original components found to be defective in material or workmanship under normal use and maintenance, including the brake system and its components.

45. Plaintiffs relied on Defendant's warranties when they agreed to purchase the vehicle as a basis of the bargain.

46. Defendant failed to comply with the terms of the express written warranty provided to Plaintiffs, by failing to fully repair the defects

47. Plaintiffs have given Defendant a reasonable number of opportunities to bring the vehicle into compliance with the warranty obligations, but Defendant has been unable to do so within a reasonable time and any repairs that were performed, were not permanent.

48. As a result of said nonconformities, Plaintiffs cannot reasonably rely on the vehicle for ordinary purposes, which are safe, reliable and efficient transportation.

49. Plaintiffs did not and could not have discovered said nonconformities with the vehicle prior to Plaintiffs' acceptance of the vehicle, however at the time of purchase Defendant was aware that this model was built and sold with the known defects and non-conformities. In fact, Defendant was so well aware of these issues that it developed a number of different technical service bulletins, also known as "secret warranties", intending to address the issues. As seen however, even these measures were short-lived.

50. Plaintiffs would not have purchased the vehicle, had they known, that the vehicle contained the aforementioned defects.

51. As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranties, Plaintiffs have suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of their vehicle, and a diminution in the value of the vehicle with the defects identified herein.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiffs, **PATRICIA AND ELI CARRANZA,** respectfully pray for judgment as follows:

- a. An order approving revocation of acceptance of the subject vehicle;
- b. The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;
- c. Incidental and consequential damages;
- d. For a trial by jury on all issues except the determination of reasonable attorney's fees and costs which are reserved for determination by the Court in the event that Plaintiffs prevails at a trial on the merits and after

    all attorney time and effort has been completed;

e. For a determination by the jury of as much as treble actual damages, as specifically set forth in §17.50(h) "without regard to whether the conduct of the defendant was committed intentionally…"

f. Costs, including expert witness fees and reasonable attorney's fees; and

g. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiffs, **PATRICIA AND ELI CARRANZA**, demand a jury trial in this case.

Respectfully submitted,

By: */s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: 401-764-5566
atroccoli@creditlaw.com